# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2021

Lyle W. Cayce
Clerk

No. 20-50754
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERNESTO PEREA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-636-1

Before OWEN, *Chief Judge*, and HAYNES and COSTA, *Circuit Judges*.
PER CURIAM:*

Following a bench trial, Ernesto Perea was found guilty of possessing a firearm following a felony conviction, possessing a firearm while using controlled substances, possessing an unregistered firearm, and manufacturing a firearm. He received concurrent 36-month sentences. On

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

appeal, Perea argues that the district court erred in denying his motion to suppress the evidence obtained from a search of his residence.

This court engages in a two-step inquiry when reviewing a district court's denial of a defendant's motion to suppress challenging the sufficiency of a warrant. *See United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010). First, this court determines whether the good-faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897 (1984), applies. *Id.* at 835. If the good-faith exception does not apply, this court proceeds to the second step and determines whether there was probable cause justifying issuance of the warrant. *Id.*

Contrary to Perea's assertions, the search warrant and affidavit described the items to be seized with sufficient particularity. *See United States v. Woerner*, 709 F.3d 527, 533-34 (5th Cir. 2013). When read in total, the affidavit reflected that officers should seize stolen property and weapons that may be related to such property after explaining that Perea had held stolen tools at his residence and had required payment before returning them to the rightful owner. The affidavit "would permit an executing officer to reasonably know what items are to be seized." *United States v. Beaumont*, 972 F.2d 553, 560 (5th Cir. 1992) (per curiam). In short, the warrant and affidavit in this case were not so "facially deficient" that officers could not reasonably presume that the warrant was valid. *Woerner*, 709 F.3d at 534.

In addition, the affidavit was not so bare bones as to render belief in the existence of probable cause entirely unreasonable. *See id.* at 533-34. To the contrary, the affidavit provided specific information, based on a report from the theft victim, that Perea's stepson had stolen the victim's truck and tools, that the stepson had a weapon at the time of his arrest, that Perea was in possession of the stolen tools and was aware of the location of the missing truck, and that he required the victim to pay for the return of his personal

No. 20-50754

property.  Under the totality of the circumstances, the magistrate who issued the warrant could reasonably infer that there was probable cause to believe that additional stolen items could be found at Perea's home. *See United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994); *United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987).  As the district court did not err by applying the good-faith exception, we need not go further. *See United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006).

Accordingly, the judgment of the district court is AFFIRMED.